IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9711-CC-00521 |
| | ) | |
| | ) | Coffee County |
| v. | ) | |
| | ) | Honorable Gerald Ewell, Sr., Judge |
| | ) | |
| PARKS A. BRYAN, | ) | (First degree murder) |
| | ) | |
| Appellant. | ) | |

**FILED**

January 22, 1999

**Cecil W. Crowson**
**Appellate Court Clerk**

## CONCURRING OPINION

I concur in the results reached and most of the reasoning used in the majority opinion. However, I respectfully disagree with its conclusion that all of the photographs were properly admitted.

Two color photographs from the autopsy show the rib cage area of the victim's body with the skin cut away. As the majority admits, they are "somewhat graphic and gruesome." Before the state sought to introduce these photographs, two doctors had testified for the state relative to the victim's injuries. One described the severity of the breaks in the victim's ribs as follows:

> A lot of times I probably see three or four people a week with rib fractures which are simple fractures. We call them green stick like where you might take a limb off the tree and bend it up and break it and let it come back. When you look at it, it looks solid and still is solid and strong, but it has a small crack in it. This particular lady, she had multiple compound fractures. Her bones were literally broken apart, and these broken portions then entered the lung and caused the lung to collapse and the bleeding to occur, so as you know, a lot of people have four or five or six fractured ribs and do not have problems with their lungs, but this particular lady had so many multiple compound fractures that these fractures were very extensive so that is what caused her slow bleeding death, and

these fractured ribs then entered the lung, and the evidence
shows that she bled to death over a period of time.

The pathologist was no less blunt and graphic in his testimony.

At no time did the defense seek to contest the extent of the injuries as described by the doctors.  Under these circumstances, I believe that these two photographs should have been excluded under Rule 403, Tenn. R. Evidence.  In light of the doctors' graphic testimony and the defendant's acquiescence in that testimony, the photographs were superfluously cumulative in terms of proving the extent of the rib and internal damages.  On the other hand, given the nature of the doctors' testimony and the other photographs, I do not believe that the two photographs of concern more probably than not affected the outcome of the case.  See T.R.A.P. 36(b).

_____
Joseph M. Tipton, Judge

2